```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
SKIVA INTERNATIONAL, INC.,                                   :
                                                             :
                              Plaintiff,                     :
                                                             :
            -v-                                              :    15-cv-4580 (KBF)
                                                             :
MINX INTERNATIONAL INC.,                                     :    OPINION & ORDER
                                                             :
                              Defendant.                     :
                                                             :
------------------------------------------------------------ X
```

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: October 7, 2015
```

KATHERINE B. FORREST, District Judge:

Plaintiff Skiva International Inc. ("Skiva"), an apparel wholesaler, brings this action under the Declaratory Judgment Act ("DJA") against defendant Minx International Inc. ("Minx"), a textile design company. At issue is whether Skiva infringed upon a design to which Minx holds the copyright. Before this Court is defendant Minx's motion to dismiss the complaint as an improper anticipatory filing and for improper venue. For the reasons set forth below, defendant's motion to dismiss is GRANTED.

I.   BACKGROUND

On June 4, 2015, defendant Minx sent a cease-and-desist letter to plaintiff Minx. (Declaration of Chan Yong Jeong Ex. 3 ("the Letter").) The Letter alleges that Skiva was "producing, manufacturing, distributing, and/or offering for sale garments . . . which infringe [Minx's] rights in a two-dimensional artwork, 110308(80225) . . . which has been approved by the United States Copyright Office

as of May 17, 2011 . . . ." (Id.) The Letter identifies the garment by label name, product number, price, and attached photos. (Id.)

In the Letter, Minx demands that Skiva "**IMMEDIATELY CEASE AND DESIST** from all distribution and/or sales of the fabric and garments discussed above" and that Skiva provide "for an accounting" of 20 informational requests, including quantity manufactured and sold, price paid, profits rendered, and identity of purchasers, converters, and manufacturers. (Id. at 2 (emphasis in original).) The Letter states that if Skiva does not verify by "3:00 pm PST on June 15, 2015, that your company has ceased and desisted in its sale of the infringing garments which exploit our client's designs" and "produce the documentation requested," Minx "will have no alternative but to file a complaint against your company seeking immediate injunctive relief, as well as compensatory, statutory and punitive damages, attorneys' fees and cost of suit." (Id. at 3.) This entire section was in bold lettering. (Id.)

Skiva filed the instant action for declaratory judgment on June 12, 2015, three days before the deadline to respond to the cease-and-desist letter that Minx imposed. The Complaint attaches the cease-and-desist letter as an exhibit. (See Compl. Ex. A.) On June 16, 2015, Minx filed a lawsuit under the Copyright Act, 17 U.S.C. §101, in the U.S. District Court for the Central District of California. (Kakar Decl. Ex. B.) That suit originally did not name Skiva as a defendant, but Minx amended it on July 6, 2015 to add Skiva and other defendants. (Kakar Decl. Ex. B, C.)

II.     DISCUSSION

Defendant argues that the Court should dismiss this action because 1) the action qualifies as an exception to the first-filed rule because it is improperly anticipatory and 2) venue is improper.  As set forth below, the Court GRANTS the motion to dismiss because action was plainly filed as a preemptive strike—and is there for an improper anticipatory filing.[1]

Generally, "[w]here there are two competing lawsuits, the first suit should have priority." Employers Ins. of Wausau v. Fox Entm't Grp., Inc., 522 F.3d 271, 274–75 (2d Cir. 2008).  There are, however, exceptions to the first-filed rule. Id. at 275.  One of those exceptions is when the "first-filed lawsuit is an improper anticipatory declaratory judgment action . . . filed in response to a direct threat of litigation that gives specific warnings as to deadlines and subsequent legal action." Id. at 275–76; see also Factors Etc., Inc. v. Pro Arts, Inc., 579 F.2d 215, 219 (2d Cir. 1978) ("When the declaratory action has been triggered by a notice letter, this equitable consideration may be a factor in the decision to allow the later filed action to proceed to judgment . . . ."), abrogated on other grounds by Pirone v. MacMillan, Inc., 894 F.2d 579 (2d Cir. 1990); Akers Biosciences, Inc. v. Martin, 2015 WL 1054971 at *2 (S.D.N.Y.) ("Special circumstances may exist either where a party improperly files an anticipatory declaratory judgment or where they are attempting to forum shop.").[2]

---

[1] Accordingly, defendant's motion to dismiss on improper venue grounds is moot.
[2] That district courts have the power to dismiss declaratory judgment suits filed in anticipation of other coercive action is well-recognized.  See, e.g., Michael Miller Fabrics, LLC v. Studio Imports Ltd., Inc., 2012 WL 2065294 (S.D.N.Y. 2012) (collecting cases); see also Dow Jones &

Plaintiff plainly filed this suit in anticipation of defendant filing a copyright infringement suit against it. "When a notice letter informs a defendant of the intention to file suit, a filing date, and/or a specific forum for the filing of the suit, the courts have found, in the exercise of discretion, in favor of the second-filed action." J. Lyons & Co. v. Republic of Tea, Inc., 892 F. Supp. 486, 491 (S.D.N.Y. 1995); see also Cephalon, Inc. v. Travelers Companies, Inc., 935 F. Supp. 2d 609, 614 (S.D.N.Y. 2013). Here, defendant Minx's June 4, 2015 cease-and-desist letter serves as appropriate notice giving "specific warnings as to deadlines and subsequent legal action." Employers Ins. of Wausau at 275–76. While Minx did not provide a date certain by which it would file suit, it specified both intent to sue and a deadline after which it would sue. See Cephalon, 935 F. Supp. 2d at 615 ("[A] date and forum are not fixed prerequisites, but mere indicia of notice."). There is no question that Skiva understood the letter to mean that a lawsuit against it by Minx was imminent unless it complied with the letter's demands.

"[T]he federal declaratory judgment is not a prize to the winner of a race to the courthouses." Factors, 579 F.2d at 219 (internal citations and quotation marks

---

Co. v. Harrods, Ltd., 237 F. Supp. 2d 394, 440 (S.D.N.Y. 2002) aff'd, 346 F.3d 357 (2d Cir. 2003) ("A rush to file first in anticipation of litigation in another tribunal, thereby enabling a potential defendant to choose the forum and governing law by which to adjudicate the dispute, and otherwise to interfere with or frustrate the other party's pursuit of claims elsewhere, is one of the equitable considerations a court may weigh in ruling on a request for declaratory relief."); Reliance Ins. Co. v. Bend'N Stretch, Inc., 935 F. Supp. 476, 478 (S.D.N.Y. 1996) ("If a court finds that a declaratory judgment action was brought in anticipation of the coercive suit for the purpose of gaining 'home field advantage,' the coercive suit is given precedence."); Great Am. Ins. Co. v. Houston Gen., 735 F. Supp. 581, 584 (S.D.N.Y. 1990) ("Even if the basic requirements for a declaratory judgment action are met, it is still within the discretion of the district court to decline to hear a declaratory judgment action, particularly when there is a pending proceeding in another court . . . that will resolve the controversies between the parties.").

omitted).  Minx "should not be deprived of the first-filed rule's benefit simply because its adversary used the resulting delay in filing to proceed with the mirror image of the anticipated suit."  Id.[3]  Plaintiff's early arrival at the courthouse steps will not be rewarded with procedural advantage and frustration of defendant's pursuit of the claims in California.  See Dow Jones & Co., Inc. v. Harrods, Ltd., 237 F.Supp.2d 394, 440 (S.D.N.Y. 2002).

III.   CONCLUSION

For the reasons stated above, defendant's motion to dismiss is GRANTED.  The Clerk of Court is directed to terminate the motion at ECF No. 26 and the action.

SO ORDERED.

Dated:   New York, New York
         October 7, 2015

_____
KATHERINE B. FORREST
United States District Judge

---

[3]   That plaintiff was not named as a defendant in the California action until the amended complaint does not have significant bearing on the analysis above.  While the time between two actions can be a relevant consideration for deference to the first-filed forum, the difference of less than three weeks does not affect the determination that Minx gave sufficient notice of its intent to file suit.  See Michael Miller Fabrics, LLC v. Studio Imports Ltd., Inc., 2012 WL 2065294 at *6 (S.D.N.Y. 2012) ("[W]here two actions are filed within a short span of time . . . less deference may be afforded to the forum of the first filing"); Kakar Decl. Exs. B, C.)